UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TACUMA J. MWANZA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>OSBORNE, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:21-cv-00003-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE [ECF NO. 40] |

*Pro se* Plaintiff Tacuma Mwanza brings this action under 42 U.S.C. § 1983. Plaintiff alleges that while a pretrial detainee at Washoe County Detention Facility (WCDF), Osborne and Ambrose twisted his arm and handcuffed him, resulting in a dislocated bone in his right wrist, as well as swelling and lacerations on both wrists which still causes numbness and pain in his hands and wrist to this day. Plaintiff argues that these officers violated his Fourteenth Amendment right against excessive force. Plaintiff also alleges that defendants Rangle and Barrett were responsible for keeping him in administrative segregation without timely informing him of the reasons for the placement and providing a hearing to dispute the detention, and Lieutenant Rice denied his grievance about his segregation. Plaintiff argues that this denial resulted in him spending fifty-three days in the segregation unit in violation of his Fourteenth Amendment procedural due process rights.

Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 40), recommending that this Court deny Defendants' Motion for Summary Judgment (ECF No. 34) except as to Defendant Rice. Parties had until January 1, 2024 to file an objection. To date, no party has filed an objection to the R&R.

1

For this reason, and as explained below, the Court adopts the R&R, and will deny the motion for summary judgment except as to Defendant Rice, who the Court dismisses from the action.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. Here, Judge Denney recommends that the Court deny Defendants' Motion for Summary Judgment as to the excessive force claim because there are multiple genuinely disputed facts, including whether Plaintiff was continually pushing his intercom and yelling out profanities, whether he complied with the deputies' orders in his cell, whether he resisted at any point, whether Osborne and Ambrose twisted and bent his wrists, resulting in excruciating pain, and the extent of his injuries. (ECF No. 40 at 8-9.) Judge Denney also recommends denying qualified immunity to both Osborne and Ambrose because a jury must first determine whether they used excessive force. (*Id.* at 9-10.) Judge Denney similarly concludes that there exists a genuine dispute of material fact as to whether Plaintiff was placed in segregation for punitive or non-punitive reasons which impacts the procedural protections owed to Plaintiff and whether Defendants are entitled to qualified

immunity. (*Id.* at 14-17.) However, Judge Denney recommends dismissing Rice because there is no evidence that Rice played any role in Plaintiff's placement in administrative segregation or the review of the placement, or that he received notice that Plaintiff had not received adequate procedural protections and failed to act. (*Id.* at 16.) The Court agrees with Judge Denney. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 40) is accepted and adopted in full.

It is further ordered that Defendant's Motion for Summary Judgment (ECF No. 34) is denied except that the motion is granted as to defendant Rice.

It is further ordered that the Clerk of Court dismiss defendant Rice from this case.

DATED THIS 31st Day of January 2024.

                     ANNE R. TRAUM
                     UNITED STATES DISTRICT JUDGE